UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MARK WHALEY, | ) |
| Plaintiff, | ) Civil Action No. 5: 24-339-DCR |
| V. | ) |
| DEFINITIVE ROOFING AND SPECIALTY COATINGS, LLC, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendants Environmental Roofing Components, LLC's ("ERC") and IB Roof Systems, Inc.'s ("IB") (collectively "manufacturers") motions to dismiss for failure to state a claim and Defendant and Counterclaim Plaintiff Definitive Roofing and Specialty Coatings, LLC's ("Definitive Roofing") motion to dismiss for failure to join necessary parties and a real party in interest. Following review, the undersigned is satisfied that Plaintiff Mark Whaley has failed to assert cognizable claims against the manufacturers for breach of contract or for violations of the Kentucky Consumer Protection Act ("KCPA"). However, he has stated a claim against them for product liability negligence. Finally, as explained more fully below, Definitive Roofing's motion to dismiss for failure to join necessary parties and a real party in interest will be denied.

**I. Background**

Lillie Whaley and her now deceased husband Louis Whaley purchased a commercial building in 2000 located at 440 Burgin Danville Road, Burgin, Kentucky 40310. [Record No. 45-5] Mark Whaley is one of the couple's three children. He runs an online used bookstore

from that building and now resides there. [Record No. 51 at 1] Lillie Whaley became the property's legal owner following Louis Whaley's death in 2023. *Id.*

On March 31, 2022, a severe weather event dislodged a portion of the property's roof resulting in water penetration to the interior. [Record No. 12 at ¶ 7] Mark Whaley contacted IB concerning a roof replacement eight months later. *Id.* at ¶ 8. Lamar Eby, a regional representative for IB and ERC, inspected the roof on November 9, 2022. *Id.* He then referred the plaintiff to Definitive Roofing's Rodney Vanlandingham, providing his contact information on March 6, 2023. *Id.* at ¶¶ 8, 10. Three weeks later, Vanlandingham presented the first of two proposals to Whaley for "Application of: ERC Wind Vent and IB PVC Membrane." *Id.* at ¶ 12.

Roughly four months after the initial proposal, Whaley forwarded his insurance claim information and adjuster contact to Eby so that he could aid with negotiating the proposed roofing system. [Record Nos. 12 at ¶ 16 and 23] Ultimately, Sedwick, an agent of Blackboard (the insurer of the subject property), approved the proposed roofing system.

Ken Fisher (a representative for IB and ERC), Vanlandingham, and the plaintiff met at the property on February 19, 2024. [Record Nos. 12 at ¶ 13 and 48 at 4] Earlier that morning, Fisher had contacted ERC technical representative Skip Bellus "for approval to leave the existing roof coverings in place, rather than remove them as previously negotiated with insurance." [Record Nos. 12 at ¶ 14 and 48 at 4] Bellus approved the modified plan. [Record No. 12 at ¶ 15]

Bellus and Vanlandingham presented a second proposal to Whaley reflecting those modifications in December 2023 which he ultimately signed on February 6, 2024. [Record Nos. 12 at ¶ 15 and 18-1] The roof was installed by Definitive Roofing shortly thereafter.

[Record No. 12 at ¶ 24] But the roof continued to leak despite Definitive Roofing's work. *Id.* at ¶ 25.

The plaintiff filed this action in the Fayette Circuit Court on August 28, 2024. [Record No. 1-1 at 5] It was then transferred to the Mercer Circuit Court for improper venue. *Id.* at 36. The defendants removed the matter to this Court once they verified that the amount in controversy exceeded $75,000, exclusive of interest and costs. [Record No. 1]

Definitive Roofing asserted a counterclaim against Whaley for breach of contract for failure to pay the remaining balance owed on the roof and for failure to engage in good faith and fair dealing under the contract (Count I). [Record No. 6] Alternatively, it made a claim under theories of quantum meruit (Count II) and unjust enrichment (Count III) against the plaintiff. *Id.* Next, ERC filed a motion to dismiss all counts of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 8] Whaley then tendered an Amended Complaint (with the parties' consent), adding IB, and asserting claims for (1) breach of written, verbal, or implied contract (Count I); (2) Negligence with regard to designing, approving, supplying, and integrating the ERC and IB Roofing systems (Count II); and (3) violation of Kentucky Revised Statute ("KRS") 367.110 *et seq.* (Count III). [Record No. 12] He seeks compensatory and punitive damages as relief.

ERC renewed its motion to dismiss all counts for failure to state a claim. [Record No. 18] IB also moved to dismiss under Rule 12(b)(6). [Record No. 42] In substantially similar responses to both motions, Whaley asserted that all claims were sufficiently pled in the Amended Complaint and, alternatively, moved for leave to file a second amended complaint to perfect any deficiencies and to include a claim for breach of implied warranty of fitness for

a particular purpose.[1]  [Record Nos. 23 at 15 and 48]  ERC and IB Roofing both replied, arguing that leave to amend should not be granted because Whaley failed to correct his first Complaint's failures and because they believe amendment would be futile.  [Record No. 28 and 49]

Definitive Roofing moved to dismiss for failure to join necessary parties (subject property owner Lillie Whaley and insurer Blackboard) and failure to join real party in interest (Lillie Whaley).  [Record No. 45]; Fed. R. Civ. P. 12(b)(7), 17(1), 19.  The plaintiff responded that neither Blackboard nor Lillie Whaley were necessary parties and that he was the real party in interest because he would win or lose based on the outcome of the case and was poised to inherit the property (along with his siblings) after his mother's passing.  [Record No. 51] Defendants ERC and IB Roofing moved to join Definitive Roofing's motion.  [Record Nos. 46 and 47]

One business day before Definitive Roofing's reply was due, Whaley moved for leave to supplement his response with an assignment of all rights executed by Lillie Whaley. [Record No. 58]  The Court granted the motion the same day.  [Record No. 59]  In its reply, Definitive Roofing argues that the plaintiff had no legal property rights as an anticipated future heir.  [Record No. 61] It also contends that Whaley lacked standing to bring the lawsuit at the time it was filed and cannot retroactively create standing by producing a post hoc assignment of rights.  The remaining defendants tendered replies as well.  [Record Nos. 63 and 65]

## II.  ERC and IB's Rule 12(b)(6) Motions

---

[1]  Whaley also sought amendment to include a breach of an implied contract claim, but his Amended Complaint already includes one.  [Record No. 12 at ¶35]

- 4 -

When evaluating a motion to dismiss under Rule 12(b)(6), the court examines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And while plaintiffs are not required to plead facts showing that the defendant is likely to be responsible for the harm alleged, they must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555).

Next, when reviewing a motion under Rule 12(b)(6), the court "accept[s] all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990).

### Breach of Contract

Under Kentucky law, "[n]ot every agreement or understanding rises to the level of a legally enforceable contract." *Kovacs v. Freeman*, 957 S.W.2d 251, 254 (Ky. 1997). For a contract to be enforceable, it "must contain definite and certain terms setting forth promises of performance to be rendered by each party." *Id.* (citing *Fisher v. Long,* 294 Ky. 751, 172 S.W.2d 545 (1943)). "Mutuality of obligations is an essential element of a contract, and if one

party is not bound, neither is bound." *Id.* (citation modified). Further, the contract's terms "must be sufficiently complete and definite to enable the court to determine the measure of damages in the event of breach." *Id.* (citing *Mitts & Pettit, Inc. v. Burger Brewing Co.,* Ky., 317 S.W.2d 865 (1958)). And for an oral contract, there must be an offer and acceptance, consideration, and an intent to create a legally binding contract with "full and complete terms." *Plante v. Seanor*, No. 5:17-CV-150-REW-EBA, 2018 WL 5730160, at *8 (November 2, 2018 E.D. Ky.) (citations omitted).

Here, Whaley asserts in his Amended Complaint that he had oral and/or implied contracts with ERC and IB that were breached because his roof still leaks and the design violated building codes. [Record No. 12 ¶¶ 23, 25, 35] ERC and IB insist that they were merely suppliers for some of the roofing materials used by Definitive Roofing and that the final executed roofing proposal is the complete contract within which Whaley's claims lie. [Record Nos. 18 at 3 and 42 at 5] They further contend that any alleged code violations or improper installation falls on the roofing contractor, not the manufacturers.

Whaley does not plausibly allege that he had an oral contract with ERC or IB Roofing. First, he pleads that the defendants "entered into a contract [with him] for roof repair activities." [Record No. 12 at ¶ 22] He then lists a slew of examples:

> design and approval of the roof system, supplying and integrating the IB PCV Membrane, supplying and integrating the ERC Wind Vent System, approving the use of Wind Vent System rather than full replacement, facilitating payment of the related insurance claim, assisting in the assessment and design of the roof repairs, facilitating roof repair activities, consulting on roof repair activities, completing roof repair activities, assisting with the adjustment of the corresponding insurance claim, and providing the materials and labor.

*Id.* at 35. Taking the allegations in the plaintiff's Amended Complaint as true, there is a reasonable inference that some agreements may have been made, but not every agreement rises

to the level of a contract.  For example, he does not plead mutuality or terms under the alleged oral contract that would allow the Court to fashion a remedy in the event of a breach.  Likewise, he provides no specific facts that would allow the inference that the partes intended to enter a legally binding contract.  Even more, he does not reference any language or promises made by either party that would support a reasonable inference that an oral contract was formed.

A contract may be implied in fact or implied by law.  *Stotts v. Skipworth*, No. 2006-CA-001567-MR, 2008 WL 399315, at *2 (Ky. Ct. App. Feb. 15, 2008).  It may be implied in fact "from the acts or circumstances which according to the ordinary course of dealing and the common understanding of men shows a mutual intent to contract."  *Rider v. Combs*, 256 S.W.2d 749, 749 (Ky. 1953) (citation omitted).  This is because "'no man is to be made a debtor without his knowledge or assent or under circumstances where he had no reason to expect that such is his position or liability.'"  *Id.* (quoting *Kellum v. Browning's Adm'r*, 231 Ky. 308, 21 S.W.2d 459 (1929)).  Therefore, the parties' behavior may be relevant to finding an implied contract.  *Stotts*, 2008 WL 399315, at *2 ("A contract implied in fact is a true contract, shown by evidence of facts and circumstances from which a meeting of minds concerning the mutual promises may be reasonably deduced.") (citations omitted).

A contract implied by law is not based on any actual agreement between the parties. *Fayette Tobacco Warehouse Co. v. Lexington Tobacco Bd. of Trade*, 299 S.W.2d 640, 643 (Ky. 1956). Rather, it is a judicially created doctrine designed to permit recovery in situations where justice requires that a remedy be provided as if a contract had been made.  *Id.* at 643–44.  A court may find such a contract when a party has received a benefit when it would be inequitable for them to retain the benefit without paying.  *Thompson v. Hunter's Ex'r*, 269 S.W.2d 266, 269 (Ky. 1954).

Whaley does not plausibly allege a contract implied in fact. While it is true that the manufacturers stood to gain something if Definitive Roofing used their products (and Whaley consented to their use), that alone is insufficient to establish a valid contract. Looking to the parties' actions as pled, the undersigned is unable to reasonably infer that there was a meeting of minds regarding mutual promises. Moreover, the Amended Complaint is bereft of any mutual promises made between Whaley and ERC or IB Roofing.

Next, Whaley does not plead that a contract implied by law is appropriate here. ERC and IB Roofing supplied materials that Definitive Roofing used to repair his roof. Even if both manufacturers were already paid for the materials, it cannot be said that it would be inequitable for them to retain that payment. The plaintiff's main rub is the alleged faulty design and installation of his roof. There is no dispute that the materials were delivered and installed on his roof. Justice does not require the undersigned to find a contract implied by law under these circumstances.

## Privity of Contract

Whaley's claims for breach of contract, violation of the KCPA, and proposed claim for breach of warranty of fitness for a particular purpose all require that he plausibly allege that he was in privity of contract with ERC and IB Roofing. As discussed in the previous section and in greater depth below, Whaley has failed to plausibly plead privity.

"Privity of contract" denotes "[t]he relationship between parties to a contract, allowing them to sue each other." *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 579 (Ky. 2004). "'Ordinarily, the obligations arising out of a contract are due only to those with whom it is made; a contract cannot be enforced by a person who is not a party to it or in privity with it, except . . . under certain circumstances, [such as] by a third-party beneficiary.'"

*Prime Finish, LLC v. Cameo, LLC*, 487 F. App'x 956, 959 (6th Cir. 2012) (quoting *Presnell Const. Managers, Inc.*, 134 S.W.3d at 579).  Therefore, a plaintiff suing for breach of contract must be a party or in privity to the contract.  *Id.* (citing *Presnell Const. Managers, Inc.*, 134 S.W.3d at 579).

Whaley argues in his responses that he is a third-party beneficiary because ERC's and IB's direct promise that their roofing systems provided an "upgraded solution" created privity between him and the manufacturers.  [Record Nos. 23 at 10 and 48 at 10] (citing *Louisville Gas & Elec. Co. v. Cont'l Field Sys., Inc.*, 420 F. Supp. 2d 764, 770 (W.D. Ky. 2005).  But he cannot be a third-party beneficiary to the executed contract with Definitive Roofing because he is an *actual* party to the contract.  *See Presnell Const. Managers, Inc*, 134 S.W.3d at 579; *Prime Finish, LLC*, 487 F. App'x at 959–60.  To the extent that Whaley argues he is a third-party beneficiary to a contract between Definitive Roofing and ERC and IB Roofing, his Amended Complaint lacks any ascertainable (let alone plausible) claim to that effect. [*Compare* Record No. 12 *with* 23 at 10.]  This distinguishing factor sets the instant matter apart from *Louisville Gas & Electric Company v. Continental Field Systems, Inc.* in which the plaintiff pled a third-party beneficiary breach of contract claim.  420 F. Supp. 2d 764, 766 (W.D. Ky. 2005).

**Negligence**

A negligence claim requires that a plaintiff prove (1) duty, (2) breach of that duty, and (3) consequent injury, which includes actual injury and legal causation between the breach and the injury.  *Hurst v. Dixie Truss, Inc.*, No. 2020-CA-0816-MR, 2021 WL 1826881, at *5 (Ky. Ct. App. May 7, 2021) (citing *Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 542 (Ky. App. 2013); *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky. 2003)).  For

product liability negligence claims, the plaintiff must demonstrate that the manufacturer had a duty to prevent foreseeable harm. *Stiens v. Bausch & Lomb Inc.*, 626 S.W.3d 191, 200–01 (Ky. Ct. App. 2020). "To demonstrate foreseeability, a plaintiff must only demonstrate the probability of some general risk of injury resulting from the defendant's negligent act—not that of the exact injury actually manifested." *Id.* at 201 (emphasis omitted).

Whaley alleges that the manufacturers had a duty to use reasonable care in furnishing the roof repair materials. [Record No. 12 at ¶ 29] And he contends that they failed to adhere to reasonable workmanship standards and industry standards concerning the materials. [Record Nos. 12 at ¶ 30, 23 at 6] As a result, the plaintiff asserts that he suffered and continues to suffer damages stemming from this negligence. [Record No. 12 at ¶ 31] Whaley contends that the subject roof is now leaking worse than it was before the repairs. *Id.* at ¶ 25. Regarding foreseeability, it is a reasonable inference that damage to a building's interior is foreseeable when roofing material manufacturers do not adhere to reasonable workmanship and industry standards.

The economic loss rule does not bar Whaley's negligence claims against the manufacturers because he was not the purchaser of the products (definitive Roofing was) nor was he in privity of contract with them. "The 'economic loss rule' prevents the commercial purchaser of a product from suing in tort to recover for economic losses arising from the malfunction of the product itself, recognizing that such damages must be recovered, if at all, pursuant to contract law." *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 733 (Ky. 2011). But for this doctrine to apply, the plaintiff must be a party or in privity to the contract. *See id.* at 737 (explaining that the court in *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 575 (Ky. 2004), had no occasion to address the economic loss

rule because there was no contract between the litigants as both contracted with the building owner but not each other).

### KCPA Violation

KRS § 367.220 creates a private right of action for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action . . . to recover actual damages." This language constrains the private right to a "purchaser against his immediate seller." *Skilcraft Sheetmetal, Inc. v. Kentucky Mach., Inc.*, 836 S.W.2d 907, 909 (Ky. Ct. App. 1992)  In other words, privity of contract is necessary for a purchaser to raise a KCPA claim against a seller. *See id.*

Whaley's KCPA violation claim merely recites the elements of a violation and does not provide the Court with sufficient facts to raise a reasonable inference that the manufacturers are liable. [Record No. 12 at ¶ 46–48]; *see* KRS 367.110.  Further, as discussed in the analysis for the breach of contract claim, Whaley is not in privity with the manufacturers.  Therefore, his KCPA claims fail from the start.  Likewise, Whaley's proposed breach of implied warranty of fitness for a particular purpose claim is futile because it also requires privity. *Bridgefield Cas. Ins. Co. v. Yamaha Motor Mfg. Corp. of Am.*, 385 S.W.3d 430, 434 (Ky. Ct. App. 2012).

### III.  Definitive Roofing's Motion to Dismiss

### Rule 19

Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure allow defendants to raise as a defense a plaintiff's failure to join a necessary party.  Rule 19 outlines a three-step analysis to determine when a party must be joined. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200

(6th Cir. 2001); Fed. R. Civ. P. 19.  First, the court must ascertain if a party is a necessary party under the criteria in Rule 19(a).  *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763–64 (6th Cir. 1999); Fed. R. Civ. P. 19(a).  For this designation, the absent party need only meet one of the following requirements outlined in Rule 19(a)(1):

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a)."  *Reilly v. Meffe*, 6 F. Supp. 3d 760, 774 (S.D. Ohio 2014) (citing *Marshall v. Navistar Intern. Trnasp. Corp.*, 168 F.R.D. 606, 611 (E.D. Mich. 1996); 5 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1359 (3d Ed. 2013)).  This burden can be met by producing affidavits or other extrinsic evidence, which the court may consider without converting the motion into one for summary judgment.  *See id.* (quoting *Lewis v. Ceralvo Holdings, LLC*, No. 4:11-cv-55-JHM, 2012 WL 32607, at *8 (W.D. Ky. Jan. 6, 2012)).

"Complete relief is determined as between persons already parties, 'and not between a party and the absent person whose joinder is sought.'"  *Haney v. Charter Foods N., LLC*, 747 F. Supp. 3d 1093, 1114 (E.D. Tenn. 2024) (citing *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 44 (6th Cir. 2012) (quoting *Sch. Dist. of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009))).

A party is necessary if he or she claims an interest to the subject of the action and disposing of that action in its absence may impair or impede its ability to protect that interest.

Generally, a property owner has a direct interest in construction renovations to his or her property. *See Schiefelbein v. State Farm Fire & Cas. Co.*, 705 F. Supp. 3d 843, 849 (W.D. Mich. 2023). But if an absent party's interests can be adequately represented by an existing party, the absent party's interest will not be impaired. *Am. Express Travel Related Servs., Co. v. Bank One-Dearborn, N.A.*, 195 F. App'x 458, 461 (6th Cir. 2006) (citing *Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir. 1999)). However, a party that claims an interest in the subject of the action still may be necessary if that party's absence could "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(B)(2); *Schiefelbein*, 705 F. Supp. 3d at 849; *Dollison v. Antero Res. Corp.*, 600 F. Supp. 3d 827, 834–35 (S.D. Ohio 2022) (finding a 30% owner of the subject lease a necessary party to prevent subjecting an existing party to a substantial risk of double or multiple obligations should the 30% owner later sue).

If a party is deemed necessary, the court proceeds to the second step to determine whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345–46 (6th Cir. 1993); Fed. R. Civ. P. 19(a). If the necessary party can be joined "and has not been joined as required, then the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). Finally, if the party cannot be joined without divesting the court of subject matter jurisdiction, (*i.e.*, an indispensable party) the court must decide "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see also Soberay Mach. & Equip. Co.*, 181 F.3d at 764.

Definitive Roofing argues that both Lillie Whaley and Blackboard are necessary parties. And because the deadline to join them set forth in the scheduling order has passed,

dismissal is proper. [Record No. 45 at 3] The undersigned will address the arguments under this rule concerning Blackboard as Lillie Whaley's involvement in this action is addressed in the Rule 17 analysis below.

Definitive Roofing claims that Blackboard is improperly excluded because Whaley identified it as an entity that may be able to satisfy part of a judgement for damages in his initial disclosures. [Record No. 45 at 3] However, it stops short of explaining why Blackboard is necessary under Rule 19.[2] It also conflates necessary parties with indispensable parties and, as a result, provides no analysis regarding why Blackboard could not be joined (other than the scheduling order deadline). *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 671 (6th Cir. 2004) (explaining that an indispensable party, by definition, is one that cannot be joined without divesting the court of subject matter jurisdiction).

To the extent that Definitive Roofing may be arguing that without Blackboard the Court cannot grant complete relief, the argument fails because "complete relief" refers only to the parties already joined. *Haney*, 747 F. Supp. 3d at 1114 (citations omitted). Even if Blackboard were responsible for some of Whaley's injuries, that alone is insufficient to render it a necessary party. *Id.* (citations omitted). Further, the possibility of future litigation against a potential party does not mandate joinder under Rule 19(a). *Nationwide Mut. Fire Ins. Co. v.*

---

[2] The defendants call out plaintiff's counsel for filing a similar lawsuit (and for his communications with opposing counsel) claiming that Blackboard failed to provide sufficient funds under the insurance policy to repair the subject roof and seeking repair damages to the subject property. [Record Nos. 45, 61, 63, 65] The Estate of Louis Whaley is the plaintiff in that Mercer Circuit Court proceeding. Indeed, there are requests in both cases for overlapping damages as reflected in the post roof repair estimate. [Record No. 63-4] While the Court may consider this extrinsic evidence when resolving the necessary party challenge without converting the motion into one for summary judgment, that is the extent of the Court's inquiry at this stage of the litigation.

*Hatton*, 357 F. Supp. 3d 598, 607 (E.D. Ky. 2019) (citing *Sch. Dist. of Pontiac v. Sec'y of the United States Dep't of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009)).  While it may be more convenient and efficient to join Blackboard, Definitive Roofing has not shown that it is a necessary party.  *See id.* at 606–07; *Snyder Dev. Co. v. AutoZone, Inc.*, No. 2:18-CV-1274, 2019 WL 1115034, at *2 (S.D. Ohio Mar. 11, 2019) ("The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a).").

### Rule 17

Rule 17(a) of the Federal Rules of Civil Procedure outlines the real party in interest requirement as follows:

> An action must be prosecuted in the name of the real party in interest. . . .  The court may not dismiss an action for failure to prosecute in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]

Fed. R. Civ. P. 17(a).  The rule lists the various roles of individuals (administrators, guardians, bailees, trustees, etc.) who can sue on behalf of the real party in interest without joining that party or obtaining his or her ratification.  Fed. R. Civ. P. 17(a)(1)(A)–(G).

Definitive Roofing argues that dismissal is appropriate because Lillie Whaley is the real party in interest and the time to add parties set forth in the scheduling order has expired. [Record No. 45 at 4] Conversely, Mark Whaley insists that he is the real party in interest or alternatively requests leave to tender a second amended complaint adding Lillie Whaley or to seek an assignment from her.  [Record No. 51 at 2] But before Definitive Roofing's motion to dismiss was fully briefed, the plaintiff was given leave to supplement his response with an assignment of all rights regarding this dispute executed by the property's owner Lillie Whaley. [Record Nos. 58–59]

In its reply, Definitive Roofing questioned the validity of the assignment noting a scribbled-out date, an incomplete date in the notary's section, and page number formatting errors. [Record No. 61 at 6–7] It also argued that Whaley lacked standing when the action was filed and could not retroactively generate standing with the assignment. [Record No. 61 at 5–6] While there are typos and various minor errors in the document, that alone is insufficient to call into question its validity.

The standing argument also is a nonstarter. There is no dispute that Mark Whaley executed the contract central to this dispute. That alone is sufficient to confer standing upon him.[3] Moreover, Rule 17(a) allows a reasonable amount of time, after objection, for ratification of commencement of the action by the real party in interest and provides that such ratification "shall have the same effect as if the action had been commenced in the name of the real party in interest." Fed. R. Civ. P. 17(a). Here, the assignment makes clear that Lillie Whaley is aware of and ratifies the existence of the instant lawsuit. [*See* Record No. 58-1.] Thus, Definitive Roofing's standing argument is incompatible with the Rule's plain text. In short, the issue raised in Definitive Roofing's motion with respect to Lillie Whaley being a real party in interest and/or necessary party was remedied by the ratification and assignment. *See Brinager v. Ronk Elec. Indus., Inc.*, No. 2:06 CV 441, 2007 WL 709337, at *2–3 (S.D. Ohio Mar. 5, 2007) (noting that ratification of real party in interest also addresses Rule 19(a) arguments because complete relief could be granted among existing parties and ratification eliminated risk of multiple or inconsistent obligations).

---

[3] Definitive Roofing appears to acknowledge this when it insists that its breach of contract counterclaim for monies due on the roof repair remains properly before the Court. [Record No. 61 at 7]

### IV. Whaley's Construed Rule 15 Motion

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule instructs that the "court should freely give leave when justice so requires." And courts liberally construe the rule because doing so reinforces "the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001). Therefore, leave to file an amended complaint should be granted "unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). That said, "plaintiffs are responsible for pleading their cause of action and are not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 400 (6th Cir. 2013) (citation modified) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008)).

The previous analysis regarding privity addresses the futility of allowing Whaley leave to file a second amended complaint to include an implied warranty for a particular purpose claim. Additionally, he was on notice that ERC planned to challenge privity because it tendered its first (substantially similar) motion to dismiss before he amended his complaint. Despite this notice, he failed and/or was unable to cure his deficiency. Additionally, he has not attached a proposed second amended complaint which would allow the undersigned to better assess its merit.

The same is true for Whaley's breach of contract and KCPA claims.  The plaintiff is responsible for pleading his causes of action and is not entitled to the Court's advisory opinion to correct his deficiencies.  "This is especially true here, where [Whaley was] already given leave to amend [his] complaint once and where the key facts that might make [his] claims plausible are easily within [his] own knowledge."  *Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 400 (6th Cir. 2013).  Therefore, further leave to amend will be denied.

V. Conclusion

Based on the forgoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendants Environmental Roofing Components, LLC and IB Roof Systems, Inc.'s motions to join [Record Nos. 46–47] Definitive Roofing and Specialty Coatings, LLC's motion to dismiss are **GRANTED**.

2. Defendant Definitive Roofing and Specialty Coatings, LLC's motion to dismiss for failure to join the real party in interest and necessary parties [Record No. 45] is **DENIED**.

3. Defendant IB Roof Systems, Inc.'s motion to dismiss [Record No. 42] for failure to state a claim is **GRANTED** with respect to the plaintiff's breach of contract and Kentucky Consumer Protection Act claims but **DENIED** with respect to his product liability negligence claim.

4. Defendant Environmental Roofing Components, LLC's motion to dismiss [Record No. 18] for failure to state a claim is **GRANTED** with respect to the plaintiff's breach of contract and Kentucky Consumer Protection Act claims but **DENIED** with respect to his product liability negligence claim.

5.  Plaintiff Mark Whaley's construed motion for leave to file a second amended complaint [Record Nos. 23, 48, 51] is **DENIED**.

Dated: June 30, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky