**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION (at Lexington)**
**Civil Action No. 5:24-cv-00339-DCR**

MARK WHALEY, PLAINTIFF

V.

DEFINITIVE ROOFING AND SPECIALTY COATINGS, LLC; ENVIRONMENTAL ROOFING COMPONENTS, LLC; AND IB ROOF SYSTEMS, INC. DEFENDANTS

**PLAINTIFF'S MOTION FOR SUPERSEDEAS BOND IN FORM OF CASH DEPOSIT AND MOTION FOR STAY OF EXECUTION PENDING SETTING OF BOND AMOUNT AND PAYMENT**

## INTRODUCTION

Plaintiff Mark Whaley, by and through undersigned counsel, respectfully submits this Motion for Supersedeas Bond and Motion for Stay of Execution Pending Setting of Bond pursuant to Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8**.**

On April 13, 2026, this Court entered a Final Judgment against Plaintiff in the amount of $325,162.72 in favor of Defendant Definitive Roofing and Specialty Coatings, LLC on its counterclaim for breach of contract. The Judgment also awarded Definitive Roofing attorney's fees in the amount of $19,996.25 and taxable costs in the amount of $6,233.30. A separate sanction of $7,000.00 was imposed against Plaintiff's counsel. The Judgment includes post-judgment interest on the breach-of-contract damages at 2% monthly compounding from February 17, 2026, until paid in full.

On May 12, 2026, Plaintiff timely filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit. Plaintiff now seeks from this Court: (1) approval of a supersedeas bond in the amount of $400,000.00 to secure the Judgment pending appeal; and (2) a limited stay

of execution pending the approval and posting of such bond. The proposed bond adequately secures Definitive Roofing's interests, and the limited stay is necessary to preserve Plaintiff's right to meaningful appellate review while the bond is arranged and posted. The requested relief is necessary to prevent irreparable harm to Plaintiff and to ensure the judgment creditor's interests are fully protected during the pendency of the appeal.

## STATEMENT OF FACTS

### A. The Judgment and Its Components

On April 13, 2026, this Court entered a Final Judgment resolving all claims in this action. The Judgment includes the following monetary components:

1. Breach of contract damages in favor of Definitive Roofing: $325,162.72, consisting of: Funds in Plaintiff's possession ($106,456.18) plus accrued interest ($54,895.87): $161,352.05;
2. Remaining contract funds not in Plaintiff's possession ($108,078.32) plus accrued interest ($55,732.35): $163,810.67;
3. Attorney's fees under the Kentucky Consumer Protection Act: $19,996.25;
4. Taxable costs: $6,233.30;
5. Sanctions against Plaintiff's counsel James Barton Denham: $7,000.00.

The Judgment imposes post-judgment interest on the breach of contract damages ($325,162.72) at 2% monthly compounding from February 17, 2026, until paid in full, in accordance with the contract terms. The attorney's fees, costs, and sanctions are subject to post-judgment interest at the legal rate.

### B. The Appeal

On May 12, 2026, Plaintiff timely filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit, appealing the Final Judgment and all interlocutory orders merged therein. The appeal challenges the District Court's determinations regarding contract interpretation, the identification of conditions precedent to performance, the first-to-breach analysis, damages computation, and the application of various legal doctrines. The appeal has not yet been docketed in the Court of Appeals.

**C. Need for Supersedeas Bond and Stay**

Absent a stay, Definitive Roofing may proceed to execute on the Judgment. Immediate execution would run the risk that the money will not be recoverable if Whaley succeeds on appeal.

The proposed supersedeas bond in the amount of $400,000.00 as a cash deposit with the Clerk will secure Definitive Roofing's interests while preserving Plaintiff's right to pursue appellate review. A limited stay pending approval and posting of the bond is necessary to prevent irreparable harm during the brief period required to arrange and post the bond.

## SUMMARY OF ARGUMENT

This Court has authority to approve a supersedeas bond and grant a stay of execution pending appeal pursuant to Fed. R. Civ. P. 62(b). Under Federal Rule of Civil Procedure 62(b), an appellant may obtain a stay by providing a bond or other security, and the Court has discretion to approve sufficient security to protect the judgment creditor during appeal. Fed. R. Civ. P. 62(b). The Sixth Circuit has recognized that a party who provides a satisfactory supersedeas bond is entitled to a stay of a money judgment as a matter of right. Arban v. W. Publ’g Corp., 345 F.3d 390, 409 (6th Cir. 2003) (applying former Rule 62(d), now Rule 62(b)). The filing of a notice of appeal does not divest the District Court of jurisdiction to manage enforcement of its

judgment through the supersedeas bond mechanism. Federal Rule of Appellate Procedure 8(a) expressly directs parties to seek stay relief first in the district court, and federal law governs the procedure and security required to stay execution of this Court's Judgment pending appeal. See Fed. R. App. P. 8(a)(1)(A)–(B); Fed. R. Civ. P. 62(b); Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 4–8 (1987).

The proposed $400,000.00 supersedeas bond provides adequate security for the Judgment. The proposed bond covers the core contract judgment ($325,162.72) and the fees and costs ($26,229.55), totaling approximately $351,392.27. Under Rule 62(b), the Court retains discretion to determine whether the proposed security adequately protects the judgment creditor and whether supplementation is appropriate during the pendency of the appeal. See Jack Henry & Assocs., Inc. v. BSC, Inc., 753 F. Supp. 2d 665, 673–74 (E.D. Ky. 2010); *Arban*, 345 F.3d at 409. While post-judgment interest will accrue during the appeal, the Court retains discretion to require supplementation if the appeal extends materially or if interest threatens to exceed the bond amount.

A limited stay of execution pending approval and posting of the bond is warranted under the traditional equitable factors. Plaintiff's appeal presents substantial questions regarding contract interpretation, breach determination, and damages computation. Plaintiff faces irreparable harm from forced execution during the pendency of the appeal because execution against Plaintiff's assets and business operations would create practical harm that may not be fully remedied by later restitution. The harm to Definitive Roofing is limited and mitigated by the security of the supersedeas bond and the temporary nature of the requested relief. The public interest favors orderly appellate review and judicial efficiency. The stay should be limited in

duration, expiring automatically if the bond is not posted within fourteen days, with the stay continuing throughout the appeal once the bond is posted.

## ARGUMENT

### I. THIS COURT HAS AUTHORITY TO APPROVE A SUPERSEDEAS BOND AND STAY EXECUTION PENDING APPEAL

#### A. The District Court Retains Jurisdiction to Grant Stays and Approve Supersedeas Bonds After Notice of Appeal

The filing of a notice of appeal does not divest the District Court of all jurisdiction. While a notice of appeal generally confers jurisdiction on the appellate court and divests the district court control over aspects of the case involved in the appeal, the district court retains limited but important jurisdiction to enforce its judgment and to proceed with matters that aid the appellate process. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); Fed. R. App. P. 8(a)(1)(A)–(B); Fed. R. Civ. P. 62(b). Critically, because the District Court retains jurisdiction to manage enforcement of its judgment unless and until the judgment is stayed or superseded, it also retains jurisdiction to consider Plaintiff's request for a stay and approval of a supersedeas bond or other security. Peacock v. Thomas, 516 U.S. 349, 358 (1996).

The authority to approve a supersedeas bond and grant a stay of execution falls squarely within the district court's retained jurisdiction. Fed. R. Civ. P. 62(b). This rule contemplates that a party may seek such relief at any time after judgment is entered, and the stay becomes effective when the court approves the bond or other security. The statutory framework does not condition this authority on whether an appeal has been filed; rather, it preserves the district court's power to manage the enforcement of its own judgments through the mechanism of supersedeas bonds.

#### B. Federal Rule of Appellate Procedure 8 Directs Parties to Seek Stay Relief First in the District Court

Federal Rule of Appellate Procedure 8 confirms that the District Court is the proper court to consider Plaintiff's requested relief in the first instance. Rule 8 provides that an application for a stay of the judgment or order of a district court pending appeal, or for approval of a bond or other security provided to obtain a stay of judgment, must ordinarily first be made in the district court. The district court retains jurisdiction to grant a stay or injunction even after an appeal is filed. Fed. R. App. P. 8(a)(1)(A)–(B); Peacock v. Thomas, 516 U.S. 349, 358 (1996).

This procedural requirement reflects sound policy: the trial court, having entered the judgment and being familiar with the case, is best positioned to determine whether a stay is warranted and what security is appropriate. The rule does not strip the district court of authority merely because an appeal is pending; rather, it designates the district court as the proper initial forum for such relief.

**C. Federal Law Governs the Amount and Procedure for Security Required to Stay Execution of the Judgment**

Because this Judgment was entered by a federal district court, federal law governs the procedure for obtaining a stay pending appeal and the amount of security required to protect the Judgment during that stay. Where a Federal Rule addresses the procedural issue presented in a diversity action, the Federal Rule applies notwithstanding contrary state procedure. Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 4–8 (1987). Federal Rule of Civil Procedure 62(b) provides that, after judgment is entered, "a party may obtain a stay by providing a bond or other security," and that the stay takes effect when the Court approves the bond or other security. Fed. R. Civ. P. 62(b). Federal Rule of Appellate Procedure 8(a)(1)(B) further provides that a party seeking approval of a bond or other security to obtain a stay of judgment must ordinarily move first in the district court. Fed. R. App. P. 8(a)(1)(B). Applying Rule 62(b), a federal district court in Kentucky has determined the required amount of security by considering the full amount owed

under the judgment, anticipated appeal costs, post-judgment interest, and any damages attributable to the appeal. Heartland Materials, Inc. v. Warren Paving, Inc., No. 5:16-CV-146-TBR, 2019 WL 2426509, at *1–3 (W.D. Ky. June 10, 2019). Accordingly, Rule 62(b), Federal Rule of Appellate Procedure 8(a)(1)(B), and applicable federal authority govern Plaintiff's request for approval of a supersedeas bond and stay of execution pending appeal.

**D. The District Court's Authority to Enforce Its Judgment Encompasses Approval of Security**

The District Court's retained jurisdiction to enforce its Judgment includes the authority to approve the security by which that Judgment will be protected during the pendency of an appeal. Federal Rule of Appellate Procedure 8(a)(1)(B) expressly requires a party seeking "approval of a bond or other security provided to obtain a stay of judgment" to move first in the district court. Fed. R. App. P. 8(a)(1)(B). A supersedeas bond serves precisely this protective function: it preserves the status quo while protecting the judgment creditor's rights during appellate review. See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979). The bond ensures that, if the Judgment is affirmed or modified on appeal, the judgment creditor has adequate security to recover the amount of the Judgment, together with applicable post-judgment interest and appropriate costs. See Jack Henry & Assocs., Inc. v. BSC, Inc., 753 F. Supp. 2d 665, 673–74 (E.D. Ky. 2010). Without the District Court's authority to approve such security, the Judgment could be exposed to dissipation or delay during the appellate process, undermining the Court's authority to preserve and enforce its own Judgment.

**II. A $400,000 SUPERSEDEAS BOND PROVIDES ADEQUATE SECURITY PENDING APPEAL**

**A. Federal Framework for Setting Supersedeas Bond Amounts**

Federal law establishes the governing standard for the bond or other security required to stay execution of this Court's Judgment pending appeal. Under Federal Rule of Civil Procedure 62(b), a party may obtain a stay after judgment by providing a bond or other security approved by the Court. In determining the appropriate amount of security, this Court has required a supersedeas bond sufficient to secure the judgment obligation and a reasonable estimate of the post-judgment interest expected to accrue during the appeal. See Jack Henry & Assocs., Inc. v. BSC, Inc., 753 F. Supp. 2d 665, 673–74 (E.D. Ky. 2010). The Court also retains discretion under Rule 62 to modify the full-bond requirement or approve alternative security where the circumstances warrant. See Arban v. W. Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003) (recognizing that the district court may exercise its discretion to grant a stay without requiring a full supersedeas bond). Accordingly, the Court may consider the specific circumstances of this case, the components of the Judgment against Plaintiff, the interest expected to accrue during the appeal, and the security necessary to protect the judgment creditor in determining the appropriate bond amount.

**B. Calculation of the Judgment Obligation Against Plaintiff**

The judgment obligation against Plaintiff consists of three components:

1. Core Contract Judgment: $325,162.72 on the breach-of-contract counterclaim
2. Fees and Costs: $19,996.25 in attorney's fees and $6,233.30 in costs, totaling $26,229.55
3. Sanction Against Counsel: $7,000.00 imposed against Plaintiff's counsel, not against Plaintiff personally

The sanction against counsel should not be included in Plaintiff's supersedeas bond obligation because it was imposed against counsel personally, has been paid, and is not part of

the judgment obligation entered against Plaintiff. Under Federal Rule of Civil Procedure 62(b), the bond or other security is intended to secure the judgment obligation for which Plaintiff seeks a stay of execution. Accordingly, the judgment amount against Plaintiff to be secured consists of the core contract judgment and the fees and costs, totaling $351,392.27, together with applicable post-judgment interest and appropriate costs associated with the appeal.

### C. Adequacy of the $400,000 Bond Amount

The proposed $400,000.00 supersedeas bond provides appropriate security for the Judgment against Plaintiff under Federal Rule of Civil Procedure 62(b) for the following reasons:

1. **Coverage of Principal Judgment and Fees/Costs**: The bond amount is calibrated to secure the principal judgment of $325,162.72 plus the fees and costs of $26,229.55, totaling approximately $351,392.27. The bond thus provides security for the full judgment obligation against Plaintiff, exclusive of the counsel sanction.

2. **Prompt Posting and Minimal Initial Interest Accrual**: Plaintiff has demonstrated diligence by filing a notice of appeal on May 12, 2026, and now seeks timely approval of the supersedeas bond. Upon the Court's approval, Plaintiff will post the bond promptly, minimizing the period during which interest accrues before the bond is in place and the judgment creditor's security interest is secured.

3. **Court's Authority to Approve and Monitor Security:** The contractual post-judgment interest of 2% compounded monthly will continue to accrue on the breach-of-contract judgment during the pendency of the appeal. Rule 62(b) authorizes the Court to approve a bond or other security sufficient to support a

stay of execution, and the Court retains discretion in determining whether the proposed security adequately protects the judgment creditor. See Arban v. W. Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003). Plaintiff therefore proposes that approval of the bond be subject to supplementation if, during the pendency of the appeal, the Court determines that additional security is necessary to protect the Judgment.

4. **Court's Discretion Under Federal Law:** Federal law permits the Court to determine the appropriate form and amount of security necessary to stay execution of its Judgment pending appeal. See Fed. R. Civ. P. 62(b); Arban, 345 F.3d at 409. In exercising that discretion, the Court may consider the components of the Judgment against Plaintiff, the additional security provided above the principal judgment obligation, Plaintiff's prompt request for approval of the bond, and Plaintiff's agreement to supplement the bond if additional security becomes necessary during the appeal.

5. **Proportionality and Good Cause**: Rule 62(b) authorizes the Court to approve a bond or other security sufficient to stay execution of the Judgment pending appeal. Although a party posting a satisfactory supersedeas bond is entitled to a stay of a money judgment as a matter of right, the Court retains discretion to approve a stay based on security other than a full supersedeas bond. See Fed. R. Civ. P. 62(b); Arban v. W. Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003). Here, Plaintiff's prompt notice of appeal, immediate posting of the proposed bond upon approval, and willingness to supplement the bond if the Court later determines

additional security is necessary support approval of the proposed security under Rule 62(b).

**D. Proposed Protective Conditions**

To further assure Definitive Roofing of adequate security, the Court may condition the supersedeas bond as follows:

1. Plaintiff shall file proof of the executed supersedeas bond with the Court within ten days of the Court's order approving the bond amount.
2. If the appeal is not resolved within eighteen months from the date of bond approval, the parties shall confer regarding whether the bond amount remains adequate in light of accrued interest, and Plaintiff shall promptly move to supplement the bond if Definitive Roofing demonstrates that the bond no longer provides adequate security.
3. The bond shall be conditioned to secure the satisfaction of the Judgment in full, together with costs and applicable post-judgment interest, if the appeal is dismissed or if the Judgment is affirmed or modified on appeal. Fed. R. Civ. P. 62(b); see Jack Henry & Assocs., Inc. v. BSC, Inc., 753 F. Supp. 2d 665, 673–74 (E.D. Ky. 2010).

These conditions ensure that the judgment creditor's interests are protected while permitting Plaintiff to proceed with appellate review without facing immediate execution.

**III. A LIMITED STAY PENDING APPROVAL AND POSTING OF THE SUPERSEDEAS BOND IS WARRANTED**

Plaintiff respectfully requests a limited stay of execution pending the Court's approval and Plaintiff's posting of the supersedeas bond. This stay should remain in effect only until the earlier of fourteen days from entry of this order or until the bond is posted. The traditional

equitable factors governing stays of judgment support this relief, and the stay's limited duration and conditioned nature minimize any prejudice to Definitive Roofing while preserving Plaintiff's ability to pursue a meaningful appeal.

**A. Substantial Question on Appeal**

Plaintiff's appeal presents substantial questions warranting appellate consideration. In evaluating a request for a stay pending appeal, the Court considers the likelihood that the moving party will prevail on the merits; however, a movant need not establish a high probability of success where the remaining stay factors support relief, so long as the appeal presents serious questions going to the merits. See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153–54 (6th Cir. 1991). The appeal raises issues of contract interpretation and the identification of conditions precedent to performance, which are questions of law appropriate for appellate review. The appeal challenges the trial court's determination of which party was the first to breach the underlying contract, a factual and legal question subject to appellate scrutiny. The appeal further contests the trial court's computation of damages and interest, as well as the application of doctrines that resulted in the disposition of Plaintiff's claims. Finally, the appeal challenges the trial court's rulings on fee shifting. These issues are neither frivolous nor foreclosed from appellate consideration, and they present genuine questions that warrant the appellate process to proceed.

**B. Irreparable Harm Absent a Stay**

Plaintiff faces irreparable harm if execution proceeds before the supersedeas bond is approved and posted. Although monetary loss alone does not ordinarily constitute irreparable harm, the threatened disruption or loss of an operating business presents harm that may not be fully compensable through a later monetary remedy. See Mich. Coal. of Radioactive Material

Users, Inc. v. Griepentrog, 945 F.2d 150, 153–54 (6th Cir. 1991); Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1382 (6th Cir. 1995). Plaintiff operates a small business from the property at issue, and forced liquidation of assets to satisfy the Judgment during the pendency of appeal would disrupt business operations and livelihood in ways that cannot be entirely restored even if the Judgment is reversed on appeal. The loss of operational continuity, the forced sale of business assets at potentially depressed values, and the inability to fund the appeal itself constitute practical hardships that go beyond mere economic loss. See Affidavit of Mark Whaley, attached hereto as Exhibit 1.

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979). Consistent with that purpose, Plaintiff seeks approval of security under Federal Rule of Civil Procedure 62(b) so that the Judgment remains protected while Plaintiff exercises its right to appellate review.

Plaintiff seeks only a temporary stay, not a permanent one, to allow the bond to be approved and posted. This limited relief addresses the irreparable harm of forced execution while the security mechanism is being put in place.

**C. Limited Harm to Definitive Roofing**

The harm to Definitive Roofing is substantially limited by the nature of the relief requested. First, the stay is conditioned on Plaintiff's prompt posting of a supersedeas bond, which will secure Definitive Roofing's Judgment and protect its interests throughout the appeal. Under Federal Rule of Civil Procedure 62(b), a party may obtain a stay by providing a bond or other security approved by the Court. Fed. R. Civ. P. 62(b). The bond will be in a fixed amount approved by the Court and conditioned upon satisfaction of the Judgment, together with

applicable post-judgment interest and appropriate costs, if the appeal is dismissed or if the Judgment is affirmed or modified on appeal.

Second, the stay is temporary and limited in duration. It extends only until the earlier of fourteen days from entry of this Order or until the bond is posted. If Plaintiff fails to post the bond timely, the stay dissolves automatically, and Definitive Roofing may proceed with execution. This temporal limitation ensures that Definitive Roofing's rights are not indefinitely suspended.

Third, the creditor's risk is mitigated by the security itself. The purpose of a supersedeas bond is "to preserve the status quo while protecting the non-appealing party's rights pending appeal," and the bond "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979). Definitive Roofing will have the benefit of a bond backed by good and sufficient surety, ensuring that if the Judgment is affirmed or modified, the secured obligation may be satisfied from the bond.

**D. Public Interest**

The public interest favors a limited stay pending approval and posting of the supersedeas bond. In considering a request for a stay pending appeal, the Court considers, among other factors, "the public interest in granting the stay." Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). Here, the requested stay promotes the orderly administration of justice by preserving the status quo during the limited period necessary for Plaintiff to post security under Federal Rule of Civil Procedure 62(b). Avoiding unnecessary collection proceedings while the Court considers and approves appropriate security conserves

judicial resources and protects the enforceability of the Judgment during appellate review. See Fed. R. Civ. P. 62(b); Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979).

**E. Conditions and Duration of the Stay**

To address any concerns regarding the temporary nature of this relief, Plaintiff proposes that the stay be expressly limited in duration and conditioned as follows:

The stay shall remain in effect until the earlier of: (a) fourteen days from the date of this Order; or (b) the date upon which the supersedeas bond in the amount of $400,000.00 is approved by the Court and filed with the Clerk.

1. If Plaintiff fails to present the bond for approval and file proof of posting within fourteen days, the stay shall dissolve automatically without further order of the Court.
2. Upon approval and filing of the bond, the stay shall continue in effect for the duration specified in the bond or other security approved by the Court, consistent with Federal Rule of Civil Procedure 62(b). See Arban v. W. Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003) (holding that a party who files a satisfactory supersedeas bond is entitled to a stay of a money judgment as a matter of right).
3. Plaintiff shall promptly serve notice of the Court's approval of the bond and proof of its filing upon Definitive Roofing.

**CONCLUSION**

For the foregoing reasons, Plaintiff Mark Whaley respectfully requests that this Court:

1. APPROVE a supersedeas bond in the amount of $400,000.00 to secure the Final Judgment entered on April 13, 2026, pending the outcome of Plaintiff's appeal to the United States Court of Appeals for the Sixth Circuit;
2. GRANT a limited stay of execution of the Final Judgment, such stay to remain in effect until the earlier of: (a) fourteen days from the date of this Order; or (b) the date upon which the supersedeas bond is approved by the Court and filed with the Clerk;
3. DIRECT that upon approval and filing of the supersedeas bond, the stay shall continue in effect for the duration specified in the bond or other security approved by the Court, consistent with Federal Rule of Civil Procedure 62(b);
4. DIRECT that upon approval of the supersedeas bond, Plaintiff shall promptly serve Definitive Roofing and Specialty Coatings, LLC with notice of such approval and proof of filing;
5. CONDITION the supersedeas bond to secure satisfaction of the Judgment against Plaintiff, together with applicable post-judgment interest and appropriate costs, if the appeal is dismissed or if the Judgment is affirmed or modified on appeal;
6. PROVIDE that if Plaintiff fails to present the bond for approval and file proof of posting within fourteen days, the stay shall dissolve automatically without further order of the Court; and
7. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted,
REGARD LAW GROUP PLLC

By: _/s/ Andre F. Regard_
Andre F. Regard
Kentucky Bar Association #88254
1500 Leestown Road, Suite 307
Lexington, Kentucky 40511

Telephone: (859) 281-1318
Facsimile: (859) 966-2373
Email: aregard@regardlaw.com
Co-Counsel for Plaintiff/Counterclaim
Defendant Mark Whaley

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2026, a true and accurate copy of the foregoing MOTION FOR SUPERSEDEAS BOND AND MOTION FOR STAY OF EXECUTION PENDING SETTING OF BOND was served upon all counsel of record via electronic filing through the Court's CM/ECF system.

Counsel for Defendants:

Definitive Roofing and Specialty Coatings, LLC
Attorney

Environmental Roofing Components, LLC
Attorney

IB Roof Systems, Inc.
Attorney

Commonwealth Bank and Trust Company
Legal Department
By email and fax

*<u>/s/ Andre F. Regard</u>*
Andre F. Regard KBA#88254