UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
CIVIL ACTION NO 5:24-cv-00339-DCR-MAS

MARK WHALEY PLAINTIFF

v.

DEFINITIVE ROOFING & SPECIALTY COATINGS, LLC; DEFENDANTS
ENVIRONMENTAL ROOFING COMPONENTS, LLC, *et al.*

---

DEFINITIVE ROOFING & SPECIALTY COATING, LLC'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR SUPERSEDEAS BOND IN FORM OF CASH DEPOSIT AND MOTION FOR STAY OF EXECUTION PENDING SETTING OF BOND AMOUNT AND PAYMENT

---

Comes Defendant Definitive Roofing & Specialty Coatings, LLC ("Definitive Roofing"), by counsel, and in Response to "Plaintiff's Motion for Supersedeas Bond in Form of Cash Deposit and Motion for Stay of Execution Pending Setting of Bond Amount and Payment" (Doc#: 171), states as follows:

Introduction

On April 13, 2026, this Court entered Judgment in favor of Definitive Roofing with respect to its breach of contract counterclaims against Plaintiff Mark Whaley ("Whaley"). Definitive Roofing was granted a $325,162.62 judgment against Whaley, together with interest from February 17, 2026, at 2% compounded monthly until paid in full, in accordance with the terms of the contract. Definitive Roofing was also awarded attorney fees in the amount of $19,996.25 and an additional $6,233.30 in taxable costs. The attorney fees and costs are subject to post-judgment interest at the legal rate.

After the Court's Judgment on April 13, 2026, enforcement was stayed for thirty days pursuant to FRCP 62(a). During this period, Whaley could have requested a supersedeas bond

from the Court to stay enforcement for an additional period. When he did not, Definitive Roofing initiated its enforcement efforts on May 14, 2026, by applying for an Order of Garnishment (Doc#: 168) and filing a Judgment lien on residential real property that Whaley owns in Fayette County, Kentucky.

Whaley filed a Notice of Appeal on May 12, 2026 (Doc#: 166). He then filed a Motion seeking an Order to stay execution of the Court's Final Judgment (Doc#: 171) and to cap his damages at $400,000. Plaintiff's Motion and his tendered Order are inconsistent, and Whaley seeks relief in his tendered Order that differs from the relief he seeks in his Motion.

Whaley's Motion for Stay of Execution is governed by Federal Rule of Appellate Procedure 8 and Federal Rule of Civil Procedure 62(b). Federal Rule of Appellate Procedure 8(a)(1) states:

> (a) Motion for Stay.
> (1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
>> (A) a stay of the judgment or order of a district court pending appeal;
>> (B) approval of a bond or security provided to obtain a stay of judgment; or
>> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Federal Rule of Civil Procedure 62(b) states: "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." The 6th Circuit Court of Appeals states in *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991):

> In determining whether a stay should be granted under Fed R. App. P. 8(a), we consider the same four factors that are traditionally considered when evaluating the granting of a preliminary injunction. *See Frish's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263, 225 U.S.P.Q. (BNA) 1169 (6th Cir. 1985); *In re Delorean Motor Co*., 755 F.2d 1223, 1228 (6th Cir. 1985). These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in the granting the stay.

> *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*., 812 F.2d 288, 290 (6th Cir. 1987); see also *Hilton v. Braunskill*, 481 U.S. 770, 776, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987)(factors are the same under Fed. R. Civ. P. 62(c) and under Fed. R. App. P. 8(a)). These factors are not prerequisites that must be met but are interrelated considerations that must be balanced together. *DeLorean*, 755 F.2d at 1229.

Whaley cannot meet his burden when these factors are applied to the facts of his case.

**ARGUMENT**

Because Whaley Makes No Showing that He Will Likely Succeed on the Merits, His Motion Must Fail

As a party seeking a stay of enforcement, Whaley must show the likelihood that he will prevail on the merits. As the Court stated in *Griepentrog, Id.* at 153:

> a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record than can be reviewed by this court when considering the motion for a stay.

Whaley bears the burden of demonstrating the likelihood of a reversal on appeal, and without such a demonstration, his motion to stay enforcement should fail.

A party's likelihood of success on the merits is a weighted factor in determining whether to stay enforcement of the judgment. The 6th Circuit Court of Appeals has stated:

> the movant is always required to demonstrate more than the mere 'possibility' of success on the merits. *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 n. 4 (6th Cir. 1977).For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits. *DeLorean*, 755 F.2d at 1229.

*Id*. Whaley has not identified any such questions. Instead, Whaley only identifies the topics he intends to address in his appeal, stating:

> The appeal raises issues of contract interpretation and the identification of conditions precedent to performance, which are questions of law appropriate for appellate review. The appeal challenges the trial court's determination of which party was the first to breach the underlying contract, a factual and legal question subject to appellate scrutiny. The appeal further contests the trial court's computation of damages and interest, as well as the application of doctrines that resulted in the disposition of Plaintiff's claims. Finally, the appeal challenges the trial court's rulings on fee shifting.

(Doc#: 171, ID#: 6297). Whaley does not raise a single question regarding the merits of the Court's judgment.

Whaley does not demonstrate a likelihood of success on appeal by merely listing the topics he plans to address on appeal. Whaley states that the aforementioned "issues are neither frivolous nor foreclosed from appellate consideration, and they present genuine questions that warrant the appellate process to proceed." (Doc#: 171, p. 12). Asserting general issues to be raised on appeal, however, does not equate to a showing of "serious questions going to the merits." Because Whaley has identified no serious questions going to the merits of this Court's decision, his motion to stay enforcement must fail.

<u>Because Whaley Makes No Showing that He Will Suffer Irreparable Harm Absent a Stay, His Motion Must Fail</u>

Whaley has also failed to demonstrate that he will suffer irreparable harm should a stay be granted, which outweighs the harm to Definitive Roofing resulting from a stay. The Clerk approved Definitive Roofing's right to garnish the account of Whaley on May 22, 2026 (Doc#: 170). On May 14, 2026, a Judgment Lien was placed on residential real property owned by Whaley in Fayette County, Kentucky. Whaley argues that if he is not granted a stay of execution, his business will suffer irreparable harm from these actions.

Whaley argues that he "operates a small business from the property at issue, and a forced liquidation of assets to satisfy the Judgment during the pendency of the appeal would disrupt business operations and livelihood in ways that cannot be entirely restored even if the Judgment is reversed on appeal" (DN#: 171, ID#: 6298). Whaley's argument, however, lacks a factual foundation. Definitive Roofing has not filed a judgment lien on the business property that was at issue in the litigation. It filed a lien on one of the several pieces of residential property that Whaley acknowledged owning in his deposition. This piece of residential property is not zoned for commercial use, and a forced sale of it would not disrupt Whaley's business operations.

Further, the bank account that Definitive Roofing garnished is not a business account.[1] The garnishment of this account will not disrupt Whaley's "business operations and livelihood" as he claims. Because Whaley has made no showing that he will suffer irreparable harm in the absence of a stay, his motion should be denied.

<u>Because a Stay of Enforcement Would Cause Substantial Financial Harm to Definitive Roofing And Abrogate its Legal Rights, Whaley's Motion Must Fail</u>

Definitive Roofing is the party likely to suffer irreparable harm should a stay of execution be granted. Definitive Roofing has spent funds to secure the services of a collection attorney to act on its behalf. Staying the execution would make those services a wasted expenditure. Furthermore, Definitive Roofing has creditors, and Definitive Roofing's unencumbered right to pursue execution on the judgment is helping to keep those creditors at bay. A stay of enforcement of the Judgment that Definitive Roofing has secured would cause it substantial harm.

---

[1] The garnished amount, if any, has not yet been reported by the bank.

Because Whaley Seeks a Stay of Enforcement Without Posting a Bond, His Motion Must Fail

Whaley has requested the Court to enter a stay of enforcement without requiring him to post a bond. Whaley acknowledges that he may not post a bond, stating, "If Plaintiff fails to post the bond timely, the stay dissolves automatically, and Definitive Roofing may proceed with execution" (Doc#: 171, p. 14). It appears Plaintiff is seeking an *option* to file a bond in the future, while asking the Court to stay execution on the judgment immediately.

"A party taking an appeal from the district court is entitled to a stay of a money judgment as a matter of right *if he posts bond*" *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theaters, Inc*., 87 S. Ct. 1, 3 (1966) (*emphasis added*). No valid reasoning or argument has been set forth which would entitle Whaley to a stay of execution without him first posting bond. Until Whaley posts a *sufficient* bond, no stay of execution should be imposed. This Court has previously determined that Whaley violated the implied covenant of good faith and fair dealing (Doc#: 139; ID#: 5885). Whaley's previous lack of good faith and fair dealing does not instill confidence that he will post a bond even if a stay is granted.

Furthermore, Whaley is barred by the doctrine of laches from seeking a removal of the judgment lien and the garnishment previously filed by Definitive Roofing. Plaintiff had the option to move for a supersedeas bond during the 30 days of the automatic stay under FRCP 62 following the entry of this Court's final judgment. Whaley could have attempted to block Definitive Roofing's enforcement actions. Instead, Whaley took no action. Whaley is barred by the doctrine of laches from undoing the actions that Definitive Roofing took to enforce the Judgment in its favor.

Because Granting a Stay of Enforcement is Not in the Public's Interest, Whaley's Motion Must Fail

Public interest is served by denying Whaley's request to stay enforcement without posting a sufficient bond. It is in the public interest for Court judgments to be enforced. In this instance, however, Plaintiff seeks to deprive Definitive Roofing of its ability to collect by requesting a stay without posting sufficient security.

If parties were granted the right to stay execution on a judgment before posting an adequate bond, the possibility of fraudulent transfers or dissipation of assets would increase. Whaley argues that the stay of execution that he seeks would extend "only until the earlier of fourteen days from entry of this Order or until the bond is posted. If Plaintiff fails to post the bond timely, the stay dissolves automatically" (Doc#: 171; ID#: 6299). It appears that Whaley, a party who failed to exercise good faith and engage in fair dealing in his transactions with Definitive Roofing (Doc#: 139; ID#: 5885), is seeking two additional weeks to hide his assets from his judgment creditor. Accordingly, Whaley's request for a stay of execution before he posts a sufficient bond should be denied.

Because Whaley Seeks to Alter and Reduce the Judgment Against Him And Offers an Inadequate Bond, His Motion Must Fail

The proposed bond amount of $400,000.00 is an inadequate sum. Definitive Roofing was granted a $325,162.72 judgment against Whaley, together with interest from February 17, 2026, at 2% compounded monthly until paid in full, in accordance with the contract (DN#: 164). Definitive Roofing was also awarded $19,996.25 in attorney fees and $6,233.30 in taxable costs against Whaley with post-judgment interest at the legal rate until paid in full. *Id.* By the date of the parties' mediation on June 18, 2026, the amount required to satisfy the Judgment will total $378,362.62. When factoring the applicable interest rates and the average length of an appeal to

the Sixth Circuit Federal Court of Appeals,[2] it is highly likely that $400,000.00 will not cover the amount ultimately due to Definitive Roofing in the event this Court's rulings are affirmed on appeal.

Whaley appears to attempt to mislead the Court by tendering an Order that differs from what he seeks in his Motion. Whaley argues in his Motion that "[i]f the appeal is not resolved within eighteen months from the date of bond approval, the parties shall confer regarding whether the bond amount remains adequate in light of accrued interest, and Plaintiff shall promptly move to supplement the bond if Definitive Roofing demonstrates that the bond no longer provides adequate security" (Doc#: 171; ID#: 6297). The tendered order submitted with the Motion, however, states that this will not occur. The tendered order states that the $400,000.00 bond will result in a "satisfaction of the Judgment in full" (Doc#: 171-2; ID#: 6307). Whaley proposes in his tendered Order, "*The bond shall be conditioned upon satisfaction of the Judgment in full, together with applicable post-judgment interest and appropriate costs*, if the appeal is dismissed or if the Judgment is affirmed or modified on appeal" *Id*. Further demonstrating a lack of good faith and fair dealing, Whaley tenders an Order that contradicts the representations he makes in his Motion.

## CONCLUSION

Whaley has the burden of showing that the security he provides will be sufficient to cover the Judgment against him. He has failed to do so. Instead, Whaley seeks to cap the damages that he has been ordered to pay and to stay enforcement without posting a bond. Whaley has not demonstrated any likelihood of success on the merits of the case or that he would suffer

[2] *See* https://www.uscourts.gov/file/77814/download, which indicates that it takes on average nine and a half months in the 6th Circuit Court of Appeal between the filing of the Notice of Appeal to the Last Opinion or Final Order. Anecdotal evidence indicates that the appeal time can run significantly longer in complex commercial litigation.

irreparable harm without a stay of enforcement. Furthermore, Definitive Roofing, which has spent funds to enforce the Court's Judgment, would be harmed by a stay of enforcement.

WHEREFORE, Defendant Definitive Roofing requests that Plaintiff's motion be denied.

Respectfully submitted,

/s/ Edwin H. Clark
Hon. Edwin H. Clark, Esq.
Clark Law Office, Inc.
861 Corporate Drive, Suite 250
Lexington, Kentucky 40503
Ph: (859) 219-1280
ed@clarklawoffice.net
*Counsel for Definitive Roofing & Specialty Coatings, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served on this 8th day of June, 2026, via this Court's ECF system and/or via regular U.S. Mail, postage prepaid, to the following:

Hon. Andre F. Regard
Regard Law Group PLLC
1500 Leestown Road, Suite 307
Lexington, KY 40511

Hon. J. Bart Denham
Denham Property and Injury Law Firm
250 W. Main Street, Suite 120
Lexington, Kentucky 40507
*Counsel for Mark Whaley*

Hon. Daniel E. Danford
Hon. Harper Anderson
Stites & Harbison, PLLC
250 W. Main Street, Suite 2300
*Counsel for Environmental Roofing Components, LLC*

Hon. Daniel J. Knecht
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
*Counsel for IB Roof Systems, Inc.*

/s/ Edwin H. Clark
Edwin H. Clark