**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION (at Lexington)**
**CIVIL ACTION NO. 5:24-CV-00339**

MARK WHALEY, PLAINTIFF

v.

DEFINITIVE ROOFING AND SPECIALTY COATINGS, LLC; ENVIRONMENTAL ROOFING COMPONENTS, LLC; AND IB ROOF SYSTEMS, INC. DEFENDANTS

---

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUPERSEDEAS BOND IN FORM OF CASH DEPOSIT AND MOTION FOR STAY OF EXECUTION PENDING SETTING OF BOND AMOUNT AND PAYMENT**

---

Plaintiff Mark Whaley, by and through undersigned counsel, respectfully submits this Reply in support of his Motion for Supersedeas Bond in Form of Cash Deposit and Motion for Stay of Execution Pending Setting of Bond Amount and Payment (Doc. 171), and in response to Definitive Roofing & Specialty Coatings, LLC's Response in opposition (Doc. 174), states as follows:

Definitive Roofing's Response misapprehends the relief Plaintiff seeks. Plaintiff does not ask this Court to *cap* or *reduce* the Judgment, to stay execution *without* security, or to escape the consequences of an affirmance on appeal. To the contrary, Plaintiff offers to deposit cash with the Clerk in an amount exceeding the present judgment balance, the most secure form of supersedeas security available to a judgment creditor. The only genuine question before the Court is the amount and mechanics of that security, not whether Plaintiff is entitled to supersede the Judgment at all. Under Rule 62(b), he is.

Since the Motion was filed, the mechanics have come into sharper focus. The garnishee, Community Trust Bank, Inc., has been served with the Order of Garnishment (Doc. 170) and, on

information and belief, has segregated and is holding funds of Plaintiff sufficient to satisfy a substantial portion of the Judgment. Those funds *have not* been distributed to Definitive Roofing. Rather than leave those segregated funds in limbo or permit their distribution to a creditor whose Judgment is on appeal, Plaintiff respectfully requests that the Court direct the garnishee to pay the held funds into the Court, to be credited toward the $400,000.00 cash deposit, with Plaintiff depositing the balance necessary to complete the deposit. This approach gives Definitive Roofing the full security it is entitled to while preserving the status quo pending the Sixth Circuit's decision.

## ARGUMENT

### I. PLAINTIFF SEEKS TO SECURE THE JUDGMENT IN FULL, NOT TO CAP OR REDUCE IT.

Definitive Roofing's lead contention, that Plaintiff "seeks to cap his damages at $400,000" (Doc. 174 at 2, 7–8), is incorrect. Plaintiff seeks the opposite. A supersedeas bond or cash deposit secures a judgment; it does not limit it. The proposed order tracks Rule 62(b) precisely: it conditions the deposit "to secure the satisfaction of the Judgment in full, together with costs and applicable post-judgment interest, if the appeal is dismissed or if the Judgment is affirmed or modified on appeal." (Doc. 171-2.) That "satisfaction in full" language is a creditor-protection provision, it ensures the security answers for the entire affirmed obligation and that the deposit is released only upon full satisfaction. It is not a cap.

There is likewise no inconsistency between the Motion and the tendered order. The Motion expressly preserves Definitive Roofing's right to seek supplementation of the security if accruing interest threatens to exceed the deposit (Doc. 171 at 9–11), and the order secures the Judgment "in full" including "applicable post-judgment interest." Read together the documents provide that the $400,000.00 deposit secures the Judgment now and may be supplemented later if the appeal is

protracted. That is exactly how a court-monitored cash deposit is supposed to work. See *Jack Henry & Assocs., Inc. v. BSC, Inc.,* 753 F. Supp. 2d 665, 673–74 (E.D. Ky. 2010).

To remove any doubt, Plaintiff confirms that he does *not* seek to limit Definitive Roofing's recovery to $400,000.00 and does *not* seek a release of the deposit on any condition short of full satisfaction of the affirmed Judgment, with interest and costs. To the extent the Court reads any tension between the Motion and the tendered order, Plaintiff requests that the order be entered consistent with this Reply and with Rule 62(b).

## II. THE GARNISHED FUNDS HELD BY THE BANK SHOULD BE PAID INTO COURT AND CREDITED TOWARD THE CASH DEPOSIT.

On May 22, 2026, the Clerk issued an Order of Garnishment directing Community Trust Bank, Inc. to hold Plaintiff's property up to the amount due under the Judgment. (Doc. 170.) The garnishee has been served and, on information and belief, has segregated and is holding Plaintiff's funds. Critically, the garnishee has *not* yet distributed any funds to Definitive Roofing; the funds remain in the garnishee's possession pending further order of this Court.

This posture presents an efficient and fully secure path forward. Rather than have the garnishee release the held funds to Definitive Roofing—which would defeat the very purpose of the appeal and risk non-recovery should Plaintiff prevail—the Court should direct that the held funds be paid *into the registry of the Court* and credited toward the $400,000.00 cash deposit. Plaintiff will then deposit the difference between the funds paid into Court by the garnishee and $400,000.00, so that the total cash on deposit with the Clerk is not less than $400,000.00.

Directing the held funds into Court serves every interest the Rules protect. Definitive Roofing receives *cash security* under the control of the Court, security at least as strong as a garnishment in the hands of a private bank, and arguably stronger, because it is held by the Clerk

subject to the Court's order. The funds are preserved against dissipation. And the status quo is maintained pending appellate review. The Court's retained jurisdiction to manage enforcement of its Judgment fully encompasses the authority to redirect garnished funds into the registry as supersedeas security. See Fed. R. Civ. P. 62(b); *Peacock v. Thomas*, 516 U.S. 349, 358 (1996).

This mechanism also disposes of Definitive Roofing's assertion that Plaintiff merely seeks an "option" to post a bond in the future while obtaining an immediate stay. (Doc. 174 at 6.) The held funds already exist and are already segregated; crediting them toward the deposit means security is in place *immediately*, not at some indefinite later date. Whaley is prepared to pay the balance upon the entry of an order by the Court.

## III. A PARTY WHO POSTS FULL CASH SECURITY IS ENTITLED TO A STAY; PLAINTIFF DOES NOT SEEK A STAY WITHOUT SECURITY.

Definitive Roofing devotes much of its Response to the proposition that Plaintiff is not entitled to a stay "without posting a bond." (Doc. 174 at 6–7.) Plaintiff agrees with the legal principle and does not seek such relief. A party who posts adequate security "is entitled to a stay of a money judgment as a matter of right." *Arban v. W. Publ'g Corp.,* 345 F.3d 390, 409 (6th Cir. 2003); accord Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966). Plaintiff offers precisely that security: a $400,000.00 cash deposit, funded in part by the garnished funds already held, and exceeding the current judgment balance.

The limited fourteen-day stay Plaintiff requests is not a stay "without" security. It is the brief, conventional interval needed to move the held funds into Court and deposit the balance. The Motion makes the limited nature of that stay explicit: if Plaintiff fails to complete the deposit within fourteen days, "the stay dissolves automatically, and Definitive Roofing may proceed with execution." (Doc. 171 at 14.) Far from prejudicing the creditor, that automatic-dissolution feature

protects it: Definitive Roofing loses nothing if the deposit is not made and is fully secured if it is. Because the *Griepentrog* factors are "interrelated considerations that must be balanced together" rather than rigid prerequisites, *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985), the overwhelming weight of the security offered—full cash—supports the limited stay even on Definitive Roofing's own framing of the law.

## IV. DEFINITIVE ROOFING'S REMAINING ARGUMENTS DO NOT DEFEAT THE MOTION.

### *A. The appeal presents serious questions going to the merits.*

Definitive Roofing argues that Plaintiff has not shown a likelihood of success because he "only identifies the topics" he intends to raise. (Doc. 174 at 3–4.) But on a motion to stay, the movant need not demonstrate a probability of success; it is enough that the appeal presents "serious questions going to the merits." *DeLorean*, 755 F.2d at 1229; *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir. 1991). The questions Plaintiff will raise, contract interpretation, the identification of conditions precedent, the first-to-breach determination, and the computation of damages and contractual interest, are quintessential questions of law and mixed law and fact subject to de novo and clear-error review on appeal. They go to the core of the Judgment. In any event, this factor is not dispositive where, as here, the remaining factors and the full cash security strongly favor a stay.

### *B. Plaintiff need not relitigate the harm factors because full security resolves them.*

Definitive Roofing's arguments about the residential character of the property encumbered by the lien, and the nature of the garnished account (Doc. 174 at 4–5) miss the point and, in any event, are factual matters Plaintiff does not concede. The dispositive fact is that Plaintiff offers full

cash security. Once that security is in place, the balance of harms tilts decisively: Definitive Roofing is fully protected by cash under the Court's control, while continued piecemeal execution, liens and garnishments, during the pendency of a fully secured appeal serves no legitimate collection purpose and risks irreparable disruption to Plaintiff that a later refund cannot cure. Plaintiff does not concede that the liened parcel is a non-business property or that the garnished account is a non-business account, and the Court need not resolve those disputes to grant the Motion.

***C. Laches does not bar the Motion.***

Definitive Roofing contends that Plaintiff is barred by laches because he did not move for a supersedeas bond during the thirty-day automatic stay under Rule 62(a). (Doc. 174 at 6–7.) Laches has no application here. Rule 62(b) permits a party to obtain a stay by posting security "at any time after judgment is entered"; it imposes no deadline and certainly does not extinguish the right to supersede a judgment after the automatic stay expires. Plaintiff filed his Notice of Appeal on May 12, 2026, and moved for approval of the bond on May 24, 2026, promptly and well within any reasonable period. Definitive Roofing identifies no prejudice from the short interval, and the segregated garnished funds remain intact and undistributed. There is neither unreasonable delay nor prejudice, and laches accordingly fails.

***D. The $400,000.00 deposit is adequate and may be supplemented.***

Definitive Roofing argues that $400,000.00 is inadequate because, by the time of mediation, the amount required to satisfy the Judgment will total approximately $378,362.62, and interest will continue to accrue during an appeal. (Doc. 174 at 7–8.) Plaintiff's proposed deposit of $400,000.00 exceeds that figure and provides a cushion above the present balance. Moreover, Plaintiff has consistently acknowledged the Court's discretion to require supplementation if

accruing interest later threatens to exceed the deposit. (Doc. 171 at 9–11.) To address Definitive Roofing's concern directly, Plaintiff requests that the Court approve a cash deposit of not less than $400,000.00, and expressly reserve authority to order supplementation upon a showing that accruing interest erodes the security. That fully protects the creditor without delaying the appeal.

***E. The $7,000.00 sanction against counsel is not part of Plaintiff's bond obligation.***

For the avoidance of doubt, the $7,000.00 sanction was imposed against counsel personally and is not a component of the Judgment entered against Plaintiff. It is therefore excluded from the supersedeas obligation and from the cash deposit, and nothing in this Reply or the proposed order is intended to secure, satisfy, or otherwise address that sanction. See Doc. 171 at 8–9.

## CONCLUSION

For the foregoing reasons, Plaintiff Mark Whaley respectfully requests that this Court:

1. APPROVE a supersedeas bond in the form of a cash deposit with the Clerk in an amount not less than $400,000.00 to secure the Final Judgment entered on April 13, 2026, pending the outcome of Plaintiff's appeal to the United States Court of Appeals for the Sixth Circuit;
2. DIRECT the garnishee, Community Trust Bank, Inc., to pay into the registry of this Court all funds of Plaintiff currently held pursuant to the Order of Garnishment (Doc. 170), such funds to be credited toward the cash deposit;
3. DIRECT that Plaintiff deposit with the Clerk the difference between the funds paid into Court by the garnishee and $400,000.00, so that the total cash on deposit is not less than $400,000.00;

4. GRANT a limited stay of execution of the Final Judgment, such stay to remain in effect until the earlier of: (a) fourteen days from the date of this Order; or (b) the date upon which the cash deposit is completed and filed with the Clerk;
5. CONDITION the cash deposit to secure satisfaction of the Judgment against Plaintiff in full, together with applicable post-judgment interest and appropriate costs, if the appeal is dismissed or if the Judgment is affirmed or modified on appeal;
6. RESERVE authority to order supplementation of the cash deposit if, during the pendency of the appeal, accruing interest threatens to exceed the deposit;
7. PROVIDE that if Plaintiff fails to complete the cash deposit within fourteen days, the stay shall dissolve automatically without further order of the Court; and
8. GRANT such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Andre F. Regard*
Andre F. Regard (KBA #88254)
Regard Law Group PLLC
1500 Leestown Road, Suite 307
Lexington, KY 40511
Telephone: (859) 281-1318
Facsimile: (859) 966-2373
aregard@regardlaw.com
***Counsel for Plaintiff/Counterclaim Defendant Mark Whaley***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2026, a true and accurate copy of the foregoing was filed and served upon all counsel of record via the Court's CM/ECF system, and served upon the garnishee as set forth below:

Hon. Edwin H. Clark
Clark Law Office, Inc.
861 Corporate Drive, Suite 250
Lexington, Kentucky 40503
***Counsel for Definitive Roofing & Specialty Coatings, LLC***

Hon. Daniel E. Danford
Hon. Harper Anderson
Stites & Harbison, PLLC
250 W. Main Street, Suite 2300
***Counsel for Environmental Roofing Components, LLC***

Hon. Daniel J. Knecht
Bricker Graydon LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
***Counsel for IB Roof Systems, Inc.***

Community Trust Bank, Inc.
100 East Vine Street
Lexington, Kentucky 40507
***Garnishee — by email and U.S. Mail***

*/s/ Andre F. Regard*
Andre F. Regard